IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RALPH NOYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 11-2775-STA |
| | ) |
| CITY OF MEMPHIS, | ) |
| SELGYNA MCQUEEN-BROWN a/k/a | ) |
| SELGYNA BROWN, individually and | ) |
| in her official capacity as a police officer | ) |
| of the City of Memphis, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART, DENYING IN PART DEFENDANT CITY OF MEMPHIS' MOTION TO DISMISS**

Before the Court is Defendant City of Memphis' Motion to Dismiss (D.E. # 6) filed on April 10, 2012. Plaintiff Ralph Noyes has responded in opposition to Defendant's Motion (D.E. # 14).[1] For the reasons set forth below, Defendant's Motion is **GRANTED IN PART, DENIED IN PART**.

**BACKGROUND**

Plaintiff alleges that Memphis police officer Selgyna McQueen-Brown (hereinafter "Officer Brown") violated his constitutional rights during a traffic stop and subsequent arrest on September

---

[1] Initially, Plaintiff's response brief was due by May 11, 2012. The Court entered an order on June 1, directing Plaintiff to respond to the Motion to Dismiss by June 11, 2012. Plaintiff filed his response on that date as well as a motion for extension of time to respond. According to that motion, Plaintiff sought additional time to file a more complete response to the 12(b)(6) Motion. The Court granted Plaintiff's motion for extension and gave him until July 12, 2012, in which to supplement his response. To date, Plaintiff has not filed any additional briefing on Defendant's Motion to Dismiss.

1

8, 2010. Based on the conduct of Officer Brown, Plaintiff alleges a cause of action pursuant to 42 U.S.C. § 1983 as well as state law tort claims for false arrest, false imprisonment, tortious interference with business relationships, assault, and the intentional infliction of emotional distress. The Complaint further alleges that the City of Memphis and the Memphis Police Department failed to provide adequate training or supervision for its officers and that the City's failure was the proximate cause of the violation of Plaintiff's civil rights. Plaintiff also alleges that the City failed to discipline Officer Brown for her unprofessional conduct in this instance and in other cases where she has violated the civil rights of other citizens.

In its Motion to Dismiss, the City of Memphis argues that several of Plaintiff's claims are subject to dismissal. As a threshold matter, the City contends that Plaintiff's Complaint was filed outside of the statute of limitations. The events that form the basis for Plaintiff's claims occurred on September 8, 2010, and Plaintiff filed suit on September 8, 2011. According to the City of Memphis, Plaintiff filed his Complaint one day out of statute. On this basis alone, the Court should dismiss the suit. The City makes a series of other arguments about specific claims or requests for relief, seeking dismissal of any claim against Officer Brown in her official capacity and any demand for punitive damages against the City. Finally, the City argues that the Tennessee Governmental Tort Liability Act ("GTLA") bars recovery on all of Plaintiff's common law tort claims under its civil rights exception.

In response, Plaintiff asserts that the statute of limitations on his civil rights claim did not run until the one-year anniversary of the events described in his Complaint. Thus, he filed suit on the last day of the limitations period, and the claims are timely. Plaintiff goes on to argue that his Complaint in fact states a plausible claim against Officer Brown in her official capacity, though

Plaintiff does not cite any legal authority in support of his position. Plaintiff concedes that punitive damages are not available against the City of Memphis. As for his remaining state law tort claims, Plaintiff denies that the civil rights exception under the GTLA applies here, again without any citation to legal authority. Plaintiff also requests an opportunity to conduct discovery as to these claims and if necessary to amend his pleadings. For these reasons, Plaintiff contends that the Court should deny the City of Memphis' Motion to Dismiss.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[1] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Although this standard does not require "detailed factual allegations," it does require more than "labels and

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[4] Fed. R. Civ. P. 8(a)(2).

conclusions" or "a formulaic recitation of the elements of a cause of action."[5]  In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." [6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

## ANALYSIS

I.      **Statute of Limitations**

While 42 U.S.C. § 1983 provides a federal cause of action, the statute of limitations for filing § 1983 claims is governed by state law, namely the state's statute of limitations for personal injury torts.[8]  In Tennessee the applicable statute of limitations is one year.[9]  In this case, Plaintiff filed his Complaint on September 8, 2011, alleging that Plaintiff suffered certain deprivations of his constitutional rights on September 8, 2010.  The Sixth Circuit has held that for purposes of calculating the one-year limitations period for a § 1983 claim in Tennessee, the limitations period

---

[5] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[6] *Twombly*, 550 U.S. at 555, 570.

[7] *Iqbal,* 556 U.S. at 678.

[8] *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure,* 488 U.S. 235, 249-250 (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280 (1985)).

[9] *Montgomery v. Carter Cnty., Tenn.*, 226 F.3d 758, 772 (6th Cir. 2000) (citing *Jackson v. United States,* 24 F. Supp. 2d 823, 829 (W.D. Tenn. 1998)).

ends on "the same calendar date the following year."[10] The Court holds that Plaintiff's § 1983 suit was timely filed. Therefore, Defendant's Motion to Dismiss is **DENIED** as to this issue.[11]

## II.   Claims for Punitive Damages Against the City of Memphis

Defendant argues and Plaintiff concedes that punitive damages are not available against the City of Memphis. The Supreme Court has unequivocally held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983."[12] Thus, Defendant's Motion to Dismiss Plaintiff's demand for punitive damages against the City of Memphis is **GRANTED**.

## III.   Official Capacity Claims Against Officer Brown

The City of Memphis also seeks dismissal of any official capacity claims against Officer Brown. According to the City of Memphis, the claims against Officer Brown in her official capacity are actually claims against the City itself. The Court agrees. "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."[13] When government employees like Officer Brown are sued in their official capacities, the action "is equivalent to a suit against" the City of Memphis.[14] Therefore, Defendant's Motion to Dismiss all claims against Officer Brown in her official capacity with the City of Memphis is **GRANTED**.

---

[10] *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997).

[11] Because the Court holds that the City of Memphis retains sovereign immunity as to Plaintiff's common law tort claims, the Court need not consider whether those causes of action against the City are time-barred.

[12] *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

[13] *Everson v. Leis*, 556 F.3d 484, 493 n.3 (6th Cir. 2009) (quoting *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) and *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)).

[14] *Knott v. Sullivan*, 418 F.3d 561, 574-75 (6th Cir. 2005).

**IV.     Tort Claims under the GTLA**

Finally, Defendant seeks dismissal of all of Plaintiff's tort claims including his causes of action for false arrest, false imprisonment, tortious interference with business relationships, assault, and the intentional infliction of emotional distress.  The liability of the City of Memphis for torts committed by its employees and agents is governed by the Tennessee Governmental Tort Liability Act ("GTLA").[15]  Under the GTLA, municipalities in Tennessee are immune from suit except in certain narrowly defined circumstances where the Act waives immunity.  A municipality is generally subject to suit for civil actions sounding in negligence unless the negligence claims "arise out of" one of the exceptions provided in Tenn. Code Ann. § 29-20-205.[16]  In other words, the City retains immunity under the GTLA when a tortious injury arises out of one of the specified torts enumerated in the Act.[17]  Among the tort claims excepted in subsection (2) are claims for false arrest, interference with contract rights, infliction of mental anguish, and violations of civil rights.

In this case Plaintiff alleges that the City is liable under the GTLA for the negligent hiring, retention, supervision, and training of Officer Brown and its "negligent failure to take necessary steps to prevent the injuries suffered by Plaintiff."  The Court holds that the City is entitled to immunity from suit on Plaintiff's claims of failure to train, supervise or discipline pursuant to the "civil rights"

---

[15] Tenn. Code Ann. § 29-20-205.

[16] § 29-20-205(2).

[17] *See Limbaugh v. Coffee Med. Ctr.,* 59 S.W.3d 73, 82 (Tenn. 2001)

exception in Tenn. Code Ann. § 29-20-205(2).[18]  Therefore, Defendant's Motion is **GRANTED** as to Plaintiff's tort claims against the City of Memphis under the GTLA.

## CONCLUSION

The Court concludes that the Complaint is not time-barred under Tennessee's one-year statute of limitations for § 1983 claims.  However, the Court holds that Plaintiff has failed to state a claim against Officer Brown in her official capacity or a claim for punitive damages against the City of Memphis.  The Court further holds that the City of Memphis retains sovereign immunity for any torts arising out of civil rights claims such as those Plaintiff has alleged here.  Therefore, the City of Memphis' Motion to Dismiss is **GRANTED IN PART, DENIED IN PART**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 25, 2012.

---

[18] *See Partee v. City of Memphis*, 449 F. App'x 444, 448-49 (6th Cir. 2011) (unpublished decision) ("Some of the circumstances precipitating the negligent-hiring and civil rights claims—specifically Partee's arrest by Callahan—are clearly identical. But the Partees' negligent-hiring claim necessarily includes other circumstances that preceded the arrest and are temporally and factually distinct, including Callahan's hiring, the training he received, and any previous disciplinary problems he presented.").  Here the Complaint fails to make any plausible allegations about the "other circumstances that preceded the arrest" which would go to show that Plaintiff's GTLA claims for negligent hiring, training, retention, and supervision are actually "temporally and factually distinct" from the allegations that Officer Brown violated Plaintiff's civil rights on September 8, 2010.  Therefore, the Court holds that the Sixth Circuit's unpublished decision in *Partee* would not alter its conclusion on this point.

7